UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ROLANDA LEWIS | : | CIVIL ACTION NO.: 2:18-CV-01409-EEF-KK FLSA COLLECTIVE ACTION |
| VS. | : | JUDGE: ELIZABETH E. FOTTE |
| ALL ABOUT YOU HOME HEALTHCARE, INC. and SATRICA WILLIAMS | : | MAGISTRATE JUDGE: KATHLEENE KAY |

DEFENDANTS' RE SPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY

COMES NOW, Defendant in the above-styled case and files this response in opposition to Plaintiffs" motion to compel as follows:

I.   INTRODUCTION

The Defendants first respond to the Plaintiffs" Motion to Compel by stating that they have complied with the Plaintiff's discovery request by their submittals and that all of the reasonably relevant documents to which the Plaintiffs would be entitled under the Civil Practice Act have been produced or offered for production.

In this motion, Plaintiffs have suggested that the Defendants have not completely complied with their discovery request and not provided all requested documentation.

The Defendants have been in communications with the Plaintiff regarding discovery over the past six months and has been responsive as will be addressed below.

II.   STATEMENT OF THE CASE

Plaintiffs' claims arise under an FLSA claim wherein it has been alleged the Defendant failed to pay the Plaintiffs overtime pursuant to federal guidelines.  The case was filed in December of 2018.

Plaintiff have propounded discovery, interrogatories and request for production, in this

matter to which the Defendants have responded. In fact, the Defendants' filed an amended and supplemental discovery response on this date.

### III. DISCOVERY HISTORY HIGHLIGHTS

A. May 16, 2019 – Plaintiffs propound discovery, interrogatories and request for production.

B. August 14, 2019 – Defendants' attorney sent payroll records to Plaintiffs' attorney. Plaintiffs' attorney identifies missing records.

C. August 30, 2019 – A status phone conference was set for September 19, 2019 was set by the judge with the court ordering a status report being submitted by September 13, 2019; on September 13, 2019.

D. September 2, 2019 – Defendants' attorney sent additional payroll records to Plaintiffs' attorney.

E. September 13, 2019, the September 19, 2019 status call was reset to September 26, 2019.

F. September 26, 2019 – conference call minutes stated, "Counsel agreed they were working well together in an effort to resolve their disputes…" On this same date the judge issued a scheduling order.

G. November 13, 2019 – Plaintiffs file a motion to compel discovery.

H. November15, 2019 – Defendants' attorney spoke with Plaintiff's attorney regarding outstanding discovery.[1]

I. November 19, 2019 – Defendants' attorney corresponded with Plaintiffs' attorney to identify any deficiencies to the Plaintiffs' discovery request. Plaintiff's indicated that he had not received any discovery response.

J. November 20, 2019 – Defendants' attorney sent discovery response to Plaintiff. Plaintiffs' attorney in response identified several deficiencies to the submittal.

K. December 3, 2019 – Plaintiffs' attorney field for leave to file a supplemental

---

[1] As way of background, attorney Derrick Kee, partner to lead counsel, had shoulder surgery on this date, November 15, 2019 and has been on medical leave since that time leaving one attorney in the office.

   memorandum in support of his motion to compel discovery, which was signed by the judge the following day, December 4, 2019.

 L. December 5, 2019 – Plaintiffs' attorney filed a supplemental memorandum in support of his motion to compel.

 M. December 6, 2019 – Defendants' attorney submitted their, *First Amended and Supplemental Asner to Interrogatories And Request For Production* to Plaintiffs' attorney

## IV. ARGUMENT

As outlined above and as reflected in the court's minutes of the September 26, 2019 phone conference, the parties were working well together in addressing discovery issues. In reviewing for the preparation of this submittal, undersigned counsel has reviewed his notes and file and can find no manner of inquiry or notice of any outstanding discovery issues from Plaintiffs' counsel between September 26, 2019 and November 13, 2019, when Plaintiffs' counsel filed his motion to compel. Again, as indicated above, Defendants' attorney reached out to Plaintiffs' attorney to determine outstanding issues and thereafter provided a response within seven days from the filing of the motion to compel.

 Subsequent, to being placed on notice by Plaintiffs' attorney, Defendants' attorney provided an amended and supplemental answer.

 Plaintiffs' counsel has commented on several occasions regarding the timeliness, or lack thereof, on the part of the Defendants' attorney. It is respectfully suggested that that while the Defendants' attorney has not been as responsive as Plaintiffs' attorney would like, the Defendants' attorney has been reasonably responsive given the status of the firm's practice and being short one attorney.

 Finally, Plaintiffs' attorney in prior communications has stated it was his desire to not "rack up" attorneys fees. The Defendants' attorney has, and will continue to work with the Plaintiffs' attorney in response to all discovery request in as timely a manner as possible.

## V. CONCLUSION

Therefore, based on the foregoing, it is submitted that the Defendants' have been reasonably responsive to the Plaintiffs' discovery and as such that this Court should deny Plaintiffs' Motion to Compel.

RESPECTFULLY SUBMITTED:

__s/Brent Hawkins_____
DERRICK D. KEE #22930
derrick@hawkinskee.com
BRENT HAWKINS # 30547
brent@hawkinskee.com
HAWKINS KEE LAW GROUP
1417 HODGES STREET
LAKE CHARLES, LA 70601
(337) 210-8811 Office
(337) 210-8855 Facsimile

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 6, 2019 a copy of the foregoing pleading was filed electronically with the Clerk of Court through the CMIECF system. Notice of this filing will be forwarded to all counsel of record by operation of the court's electronic filing system.

s/Brent Hawkins
Brent Hawkins