UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ROLANDA LEWIS, ET AL.** | **CASE NO. 2:18-CV-01409** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ALL ABOUT YOU HOME HEALTHCARE INC., ET AL.** | **MAGISTRATE JUDGE KAY** |

MEMORANDUM RULING

Before the court is a Motion to Conditionally Certify a Collective Action [doc. 66] filed by plaintiffs under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* The motion is regarded as unopposed.

I.
BACKGROUND

This suit relates to the overtime provisions of the Fair Labor Standards Act ("FLSA"), which require that covered employees working more than forty hours a week be compensated for their overtime hours at one and a half times their regular rate of pay. 29 U.S.C. § 207(a)(1). Plaintiff Rolanda Lewis allegedly worked as an in-home caregiver for All About You Home Healthcare, Inc. ("All About You"), an agency based in Lake Charles, Louisiana. Doc. 1. Lewis filed suit against All About You and its owner, Satrica Williams, in this court on October 29, 2018. She claimed that she had been an hourly employee and that defendants violated the FLSA by paying her the same rate ($8/hour) for all hours worked, though she normally worked more than 40 hours in a week. *Id.* Defendants stipulated to conditional certification of a collective action based on All About

You employees who were paid on a straight-time-for-overtime basis. Doc. 38. Notice was sent to putative collective action members on March 14, 2019, and twelve plaintiffs have now opted into the case.

Plaintiffs assert that the discovery process has uncovered evidence that defendants also paid employees on a salary basis without any overtime pay, though these employees were still not exempt from FLSA's overtime provisions. They thus amended their complaint to add Melinda King, one of the opt-in plaintiffs, as named plaintiff and representative of the salaried class. Doc. 59; doc. 70. Plaintiffs now move for conditional certification of that class, defined as:

> All employees of All About You Home Healthcare, Inc. performing home healthcare services who were paid a salary and who worked over 40 hours in any workweek at any point in the past three years.

Doc. 70, p. 9. Defendants have not filed any response to the motion and their time for doing so has passed. Accordingly, the motion is regarded as unopposed.

## II.
## LAW & APPLICATION

The FLSA provides a right of action for employees against employers who violate its overtime provisions, and allows similarly situated employees to "opt in" to a lawsuit in order to benefit from a judgment. 29 U.S.C. § 207(a). The FLSA does not define "similarly situated" or explain how a collective action should be certified. District courts within this circuit, however, generally use the two-stage class certification procedure set forth in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), and its progeny. *E.g.*, *Walker v. Honghua America, LLC*, 870 F.Supp.2d 462, 465 (S.D. Tex. 2012).

Under the first step – the conditional certification requested here – the court decides whether to issue notice to potential class members. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995). Because discovery has not been conducted, the court takes a fairly lenient view of the class certification standard. *Id.* The standard "requires only substantial allegations that potential members were together the victims of a single decision, policy, or plan." *Xavier v. Belfor USA Group, Inc.*, 585 F.Supp.2d 873, 877 (E.D. La. 2008) (cleaned up). To this end the court looks to the employees' job requirements and pay provisions, and may deny conditional certification if the action arises from circumstances purely personal to the plaintiff. *Id.*

Plaintiffs allege that defendants violated the FLSA by not compensating the salaried or quasi-salaried employees for overtime work because they were non-exempt workers, who did not have any supervisory responsibilities, and whose job duties primarily involved manual labor or were technical in nature. Doc. 70, ¶¶ 82–89. Plaintiffs have shown that the other home healthcare workers have similar job duties to the named representative, Melinda King, and that they were alleged victims of a common plan through defendants' payment scheme and denial of overtime compensation. *See* doc. 66, atts. 2 & 3 (declarations of Melinda King and Vickie Dunbar Jackson). Plaintiffs also show that at least five individuals who have already opted into this suit were paid on a mixed hourly/salaried basis, without any overtime compensation during the salaried weeks. Doc. 66, att. 4, ¶¶ 3–4.

Plaintiffs have demonstrated a reasonable basis for crediting their assertions that aggrieved individuals exist, are similarly situated to the plaintiff in relevant respects given

the claims and defenses asserted, and would want to opt in to this suit. Accordingly, they have met the minimum standard for proceeding under *Lusardi*'s first step and conditional certification should be granted. *Walker*, 870 F.Supp.2d at 465–66 (citing *Aguirre v. SBC Comms., Inc.*, 2006 WL 964554, at *6 (S.D. Tex. Apr. 11, 2006)).

The defendants have made no objection to the proposed notice and consent forms [doc. 66, att. 5] offered by plaintiffs, which are substantially similar to the stipulated versions used for the straight-time class, or to the proposed timeline. The court finds no basis for modifying the proposed forms and timeline, including the allowance of notice by email and text message and follow-up by telephone contact for members unreachable by other forms. Accordingly, it adopts them for the opt-in phase of this matter.

### III.
#### CONCLUSION

For the reasons provided above, the Motion for Conditional Certification [doc. 66] will be granted using plaintiffs' proposed forms and opt-in period. The court will also order defendants to provide plaintiffs' counsel with contact information for all members of the putative class, in order to facilitate the issuance of accurate and timely notice.

**THUS DONE AND SIGNED** in Chambers on this 3rd day of March, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**